**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CHARLES ANDERSON, JR.,

                            Plaintiff,

        v.                                                                                   No. 03-CV-549
                                                                                                      (GLS/DRH)
B. HEGDE, Medical Specialist, Central New
York Psychiatric Center,

                            Defendant.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

CHARLES ANDERSON, JR.
Plaintiff Pro Se
No. 88-B-1106
Wende Correctional Facility
Post Office Box 1187
Alden, New York 14004-1187

HON. ELIOT SPITZER                              JAIME I. ROTH, ESQ.
Attorney General for the                           Assistant Attorney General
   State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

        Plaintiff pro se Charles Anderson, Jr. ("Anderson"), an inmate in the custody of the

New York State Department of Correctional Services (DOCS), brings this action pursuant

to 42 U.S.C. § 1983 alleging that defendant B. Hegde ("Hegde"), a physician employed at

the Central New York Psychiatric Center (CNYPC), violated his constitutional rights under

_____

        [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

the Eighth Amendment. Compl. (Docket No. 1). Presently pending is Hegde's motion for

summary judgment. Docket No. 28. For the reasons which follow, it is recommended that

the motion be granted.

## I. Background

The facts are presented in the light most favorable to Anderson as the non-moving

party.  See Ertman v. United States, 165 F.3d 204, 206 (2d Cir. 1999).

On September 22, 2000, while incarcerated at Wende Correctional Facility,

Anderson was admitted to the CNYPC after a suicide attempt. Compl. at ¶ 1;[2] Hegde Aff.

(Docket No. 30), Ex. A at 6-7. On arrival, Anderson informed the admittance nurse that

there were metal sewing needles lodged in the left side of his neck. Compl. at ¶ 1; Hegde

Aff., Ex. A. at 7.  Sometime prior to admission, Anderson had apparently inserted the metal

needle into his neck. Hegde Aff., Ex. A. at 7, Ex. B at 22.  Hegde ordered an x-ray which

was taken on September 21, 2000 and revealed the presence of two sewing needles in

Anderson's neck. Id. at ¶ 2; Hegde Aff., Ex. A at 70.

On September 26, 2000, Hegde scheduled a surgical consultation with Dr. Gerald

Gant for October 16, 2000. Compl. at ¶ 3; Hegde Aff., Ex. A at 64. On October 3, 2000,

Anderson complained of chest pain and left arm pain. On examination, Hegde noted that

Anderson may have inadvertently pushed the needles further into his neck, but an x-ray

---

[2]Under Fed. R. Civ. P. 56(e), the non-moving party must offer evidence in sworn
affidavits to oppose a properly supported motion for summary judgment.  A verified
complaint meets this requirement.  See Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996);
King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).  The complaint here was verified and will,
therefore, be considered on this motion.

revealed that the needles remained in the same position. Compl. at ¶ 6; Hegde Aff., Ex. A at 74. Anderson did not show any further signs of distress relating to his neck. Hegde Aff., Ex. A. at 75-80.

On October 16, 2000, Anderson was seen by Dr. Gant and an x-ray and a Computed Topography (CT) scan were performed which revealed that one needle had punctured Anderson's left lung. Hegde Aff., Ex. A at 41-45, 80. On October 18, 2000, Anderson underwent a procedure to determine if the needle could safely be removed. Compl. at ¶ 6; Hegde Aff., Ex. F.  The needle could not be located and Anderson was successfully treated for a collapsed lung. Hegde Aff., Ex. F.  Anderson was returned to CNYPC on October 21, 2000. Compl. at ¶ 7; Hegde Aff. Ex. A. at 106-113. This action followed.


## II. Discussion

### A. Summary Judgment Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Id. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48.[3]

Hegde's notice of motion warned Anderson that his failure to respond to his motion by setting forth specific facts demonstrating a genuine issue of fact would result in this Court treating the facts asserted by defendant as true and that the motion might be granted absent a response from Anderson. Docket No. 28. Orders were issued warning of the same consequences and twice extending the time for filing a response. Docket Nos. 34, 35. Nevertheless, Anderson has failed to respond to the motion.

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d

---

[3]Although proceeding pro se here, Anderson has prior litigation experience. It appears that he has filed at least three other actions in the federal districts of New York since 1997. See U.S. Party/Case Index (visited June 21, 2005).<http://pacer.uspci. uscourts.gov/cgi-bin/dquery.pl>.

483, 486 (2d Cir. 1996).  Even in the absence of a response, defendants are entitled to

summary judgment only if the material facts demonstrate their entitlement to judgment as a

matter of law.  Id.; Fed. R. Civ. P. 56(c).  Because Anderson has not responded to raise any

question of material fact, however, the facts as set forth in Hegde's Rule 7.1 Statement of

Fact (Docket No. 31) and affidavit (Docket No. 30) are accepted as true.  Adirondack Cycle

& Marine, Inc. v. American Honda Motor Co., Inc., No. 00-CV-1619; 2002 WL 449757, at *1

(N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256

(W.D.N.Y. 1997)).


## B. Deliberate Indifference

Anderson contends that Hegde failed properly to treat his injury. Hegde contends

that Anderson fails to establish that Hegde acted with deliberate indifference to Anderson's

medical needs.

A prisoner advancing an Eighth Amendment claim for denial of medical care must

allege deliberate indifference to a serious medical need.  Wilson v. Seiter, 501 U.S. 294,

297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).  More than negligence is

required but less than "conduct undertaken for the purpose of causing harm."  Hathaway, 37

F.3d at 66.  The test for a § 1983 claim is twofold.  First, the prisoner must show that there

is a sufficiently serious medical need.  Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir.

1998); Hathaway, 37 F.3d at 66.  Second, the prisoner must demonstrate that the prison

official demonstrated deliberate indifference by having knowledge of the risk and failing to

take measures to avoid the harm.  Id.  Prison officials "who actually knew of the substantial

risk to inmate health and safety may be found free from liability if they reasonably

responded to the risk, even if the harm ultimately was not avoided." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (citing Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)).  An injury that a reasonable doctor or patient would find important and worthy to treat, a medical condition that affects the daily activities of an individual, or the existence of chronic and substantial pain are all factors that are relevant in the consideration of whether a medical condition is serious. Chance, 143 F.3d at 702-03.  The ailment may be considered serious if the prisoner has multiple complaints of pain. Williams v. M.C.C. Inst., No. 99-Civ.-5352, 1999 WL 179604, at *5 (S.D.N.Y. Mar. 31, 1999).

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs.  Chance, 143 F.3d at 702.  Mere disagreement over proper treatment does not create a constitutional claim as long as the treatment is adequate.  Id. at 703; Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). Allegations of negligent malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness.  Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998); Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

While Anderson's injury may be a serious medical need,  Anderson fails to show that Hegde acted with deliberate indifference. Anderson's medical records demonstrate that defendant's medical treatment of Anderson's injury did not rise to the level of deliberate indifference. Hegde ordered x-rays, made an appointment with a surgical consultant to have

-6-

the needles removed, ordered a second set of x-rays, conducted several examinations, and prescribed Anderson tylenol after Anderson complained of pain. There was no indication from Anderson's complaints that he required emergency treatment.

Due to the nature of the injury and the difficulty in determining if it was safe to remove the needles, there was no other measure that Hegde could have taken other than to wait for a surgical consult. Anderson received treatment for the injury caused by the needles and appropriate post-operative care. In addition, Anderson cannot demonstrate that his subsequent collapsed lung and injury were caused by Hegde's treatment. Finally, Anderson's request that Hegde be tested to determine if he remains qualified to practice medicine is not cognizable before this Court.

Therefore, it is recommended that Hegde's motion on this ground be granted.

### C. Qualified Immunity

Finally, Hegde contends that he is entitled to qualified immunity.  Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. 2003). A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does the court proceed to determine whether the constitutional  rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, the second prong of the inquiry need

not be reached because, as discussed <u>supra</u>, accepting all of Anderson's allegations as true, he has not shown a constitutional violation. Anderson  fails to establish that his constitutional rights were violated by Hegde's actions.

Therefore, in the alternative Hegde's motion for summary judgment on this ground should be granted.

### III.  Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that Hegde's motion for summary judgment (Docke No. 28) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  <u>Roldan v. Racette,</u> 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Secretary of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED:   September 13, 2005
              Albany, New York

_David R. Homer_
United States Magistrate Judge

-8-